
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MOHAMED ISMAIL,**<br><br>　　　　　Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH, Attorney General,**<br><br>　　　　　Respondent. | Nos. 09-73175<br>　　　　10-71099<br>　　　　12-72994<br><br>B.I.A. No. A079-358-413<br><br><br>**MEMORANDUM**[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 14, 2015[**]
San Francisco, California

Before:　　**KOZINSKI** and **GRABER**, Circuit Judges and **PONSOR**,[***] Senior
District Judge.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Michael A. Ponsor, Senior United States District Judge for the District of Massachusetts, sitting by designation.

**1.** We lack jurisdiction to review the BIA's December 11, 2008 decision affirming the IJ's denial of Ismail's application for cancellation of removal because Ismail did not file a petition for review within 30 days of the BIA's decision. See 8 U.S.C. § 1252(b)(1); Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003) (the 30-day time limit is "mandatory and jurisdictional, and cannot be tolled"). We therefore dismiss in part the petitions seeking review of that BIA order (Nos. 09-73175 and 10-71099).

**2.** Although Ismail filed a petition for review of the BIA's September 14, 2009 decision denying his motion to reopen and reconsider, he failed to advance any argument with respect to this decision in his opening brief. He has therefore waived his challenge, and the petition for review of the September 14, 2009 decision is denied in part (No. 09-73175). See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

**3.** The BIA did not abuse its discretion in denying Ismail's second motion to reopen and reconsider on March 19, 2010. Not only was Ismail's motion to reconsider untimely, see 8 C.F.R. § 1003.2(b)(2), but he also failed to provide any explanation as to why the BIA had erred in denying his first motion to reconsider, see id. § 1003.2(b)(1). With respect to Ismail's untimely motion to reopen, the

BIA reasonably concluded that equitable tolling wasn't applicable because Ismail could not show that he was prejudiced by his prior counsel's failure to file an asylum application on his behalf. See 8 C.F.R. § 1003.2(c)(3); Iturribarria v. INS, 321 F.3d 889, 897–98 (9th Cir. 2003).

Ismail's claim for asylum relief rested on assertions that he would return to Egypt with his partner and daughter, that his daughter would be subjected to female genital mutilation and that he would be punished by his family if he refused to allow his daughter to undergo the procedure. However, Ismail failed to present evidence that he had custody of his U.S. citizen daughter or that she and her mother were willing to follow him to Egypt. Thus, even assuming that Ismail's prior counsel was ineffective, it was reasonable for the BIA to find that the performance was not "so inadequate that it may have affected the outcome of the proceedings." Ortiz v. INS, 179 F.3d 1148, 1153 (9th Cir. 1999).

We therefore deny in part the petition for review of the BIA's March 19, 2010 order (No. 10-71099).

**4.** Nor did the BIA abuse its discretion in denying Ismail's third motion to reopen on August 21, 2012. The BIA reasonably declined to find an exception to the untimely filing based on Ismail's claim that changed conditions in Egypt would

subject him to persecution by Muslim extremists.  8 C.F.R. § 1003.2(c)(3)(ii); see Toufighi v. Mukasey, 538 F.3d 988, 996 (9th Cir. 2008).  Ismail failed to support his claim with sworn declarations or affidavits, and the allegation in his father's letter that the Muslim Brotherhood wanted to punish Ismail for his relationship with a non-Muslim had already been presented before the BIA in 2009.  See Toufighi, 538 F.3d at 996.  Furthermore, none of the documents providing background information on Egypt supported the specific claim that less observant, "westernized" Muslims like Ismail were being targeted by Muslim extremists.  See Najmabadi v. Holder, 597 F.3d 983, 990 (9th Cir. 2010).  Because the evidence that Ismail presented was neither new nor "material" to his claimed fear of persecution, see 8 C.F.R. § 1003.2(c)(3)(ii), the BIA properly denied his third motion to reopen.

We therefore deny Ismail's petition for review of the BIA's August 21, 2012 order (No. 12-72994).

The petitions for review in case Nos. 09-73175 and 10-71099 are **DISMISSED in part and DENIED in part**.  The petition for review in case No. 12-72994 is **DENIED**.